DLD-125                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2756
_____

SHAUN DAVID ADAMS,
Appellant

v.

LIEUTENANT GLASS; CORRECTIONAL OFFICER 1 BOYER; SGT. SHANE
RYEN; C/O JOHN BURGH; C/O RANDOLPH STRICKLAND; C/O JEFFREY
SHAFFER; C/O DONALD FARABAUGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 16-cv-00218 & 16-cv-00228)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shaun D. Adams appeals the District Court's orders granting Appellees' motions to dismiss and for summary judgment. For the reasons below, we will summarily affirm the District Court's judgment.

In October 2016, Adams filed a civil rights complaint alleging that Appellees were deliberately indifferent to his safety when he was attacked by another prisoner in the recreation yard in November 2014.[1] After he amended his complaint, Appellees filed a motion to dismiss. The District Court granted the motion with respect to Appellee Glass but gave Adams time to amend his complaint again with respect to Appellee Glass. When Adams failed to file an amended complaint, the dismissal of the claims against Glass became with prejudice. Appellees subsequently filed a motion for summary judgment, arguing that Adams had failed to exhaust his administrative remedies. A Magistrate Judge recommended that the motion for summary judgment be granted. The District Court agreed and granted the motion. Adams filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's determinations that Adams failed to state a claim and failed to exhaust his administrative remedies. Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 153 (3d Cir. 2016)(exhaustion); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(failure to state a claim).

Failure to state a claim

---

[1] Another copy of the complaint was filed, and a separate District Court case was opened. The two cases were consolidated.

In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Not every injury inflicted by one inmate on another creates a constitutional liability for prison officials. Farmer v. Brennan, 511 U.S. 825, 834 (1994). We have held that a corrections officer who fails to intervene when a prisoner is being beaten may be liable for failing to protect the prisoner if the officer had "a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002).

In his amended complaint, Adams alleged that Appellee Glass was posted in the yard and did not take action during the assault. Adams asserted that Glass *should* have seen the assault. Adams has not alleged any facts that would support a finding that Glass saw the assault and had a reasonable opportunity to intervene. The District Court did not err in dismissing the claims against Glass for failure to state a claim.

Exhaustion

A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Section 1997e(a) provides that a prisoner may not file a complaint under 42 U.S.C. § 1983 until he has exhausted available administrative remedies. In Pennsylvania, the first step for inmates is to file a grievance form within 15 working days of the incident. See Robinson, 831 F.3d at 151.

In his response to Appellees' motion for summary judgment, Adams conceded that he never filed a grievance regarding the assault. He argued that he was unable to file a grievance due to the injuries he sustained. He asserted that he was blindfolded and heavily medicated during his recovery. Adams did not allege that he requested an extension of time to file a grievance or requested any assistance to file a grievance.[2] Adams also claimed that the assault was investigated by the security office and that this made exhaustion of administrative remedies futile. However, he did not explain why an investigation by the security department would make the grievance process futile. Moreover, Adams did not describe the security department's investigation or whether it examined not only the assault but the Appellees' responses to the attack – the crux of Adams's claims.

---

[2] Appellees submitted a declaration by the Chief Grievance Officer for the Pennsylvania Department of Corrections who stated that accommodations would have been made if Adams's injuries were serious enough to prevent him from timely filing a grievance.

After the Magistrate Judge filed her Report and Recommendation, Adams filed objections and submitted additional evidence. He included paperwork indicating that he had submitted a request to file an untimely grievance regarding the assault. The Superintendent Assistant informed Adams that while extensions could be granted for filing grievances, his request was filed almost two years after the assault. Adams also submitted medical records showing the care he received after the assault. The records appear to show that Adams was returned to the Restricted Housing Unit from the infirmary on November 15, 2014, fourteen days after the assault. He was given an eye patch on November 13th which he returned on December 15, 2014. Adams does not state when he had recovered enough such that he would have been able to file a grievance or why he could not request help in filing a grievance.

Adams argues that he should be excused from the exhaustion requirement due to the circumstances of his injuries. In <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1855 (2016), the Supreme Court rejected a "special circumstances" exception to the exhaustion requirement. The Court noted that the only exception was if the administrative remedies were not "available." The <u>Ross</u> Court discussed three ways that a grievance system could be unavailable to an inmate. <u>Id.</u> at 1859. The first way was if prison officials were unable or consistently unwilling to provide any relief in response to the grievances. Next, if a grievance system was too difficult or confusing for a prisoner to navigate. Finally, a grievance system is unavailable if prison officials thwart the use of it through "machination, misrepresentation, or intimidation." <u>Id.</u> at 1860. Adams has made no

5

allegations that would support a determination that the grievance system was unavailable to him in any of these three ways. Adams's temporary inability to file a grievance on his own did not make the administrative remedies "unavailable."

As for the security department's investigation, Adams submitted a form which appears to be used to document significant occurrences in the prison. In the section of the form for a description of the occurrence, the author wrote that Adams came in from the yard bleeding and was transported to a local hospital. The author noted that video of the yard was reviewed and it was determined that Adam's injuries resulted from an inmate fight. The video was sent to the Security Office for further review. There was no indication that the security department investigated or even knew of Adams's allegations regarding the Appellees' failure to intervene in the assault. Moreover, unlike the prisoner in Brown V. Croak, 312 F.3d 109, 112 (3d Cir. 2002), Adams does not allege that he was told to hold off on filing a grievance until the investigation by security was complete. Any investigation by the security office of the assault on Adams did not make the administrative remedies unavailable to him.

The District Court did not err in granting Appellees' motions to dismiss and for summary judgment. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6.